**Kenneth W. POGWIZD, Plaintiff–Appellant,**

v.

**DYNAMIC SECURITY, INC., Defendant–Appellee.**

No. 01–3191.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 25, 2002.

Decided Feb. 26, 2002.

Before POSNER, EASTERBROOK, and WILLIAMS, Circuit Judges.

### Order

The final judgment in this case–entered by Magistrate Judge Denlow–recites that the case is dismissed because all matters have been resolved by settlement. Kenneth Pogwizd, one of the two plaintiffs, nonetheless appealed. This presents two jurisdictional questions: first, how can a party appeal from an order entered by consent?; second, how can the appeal be taken to us when the final order was entered by a magistrate judge rather than a district judge? (Pogwizd does not contend that he consented under 28 U.S.C. § 636(c) to final decision by a magistrate judge.)

At oral argument, counsel for Pogwizd asserted that, despite appearances, the judgment concerns only the claim advanced by Beverly Ross. Pogwizd's claim earlier had been resolved adversely to him by summary judgment, and counsel took

the position that this precluded any settlement–though cases routinely are settled after judgment (indeed, may be settled while on appeal) to curtail the costs and risk of appellate proceedings. Perhaps counsel is right and there was no settlement. Yet counsel failed to ask the district court to correct the judgment, and the decision as entered reflects a waiver by defendant of any entitlement to costs, which implies some kind of agreement.

We grant the parties leave to file in the district court (within seven days) a motion under Fed.R.Civ.P. 60(a) to correct the judgment to show what actually happened; likewise we grant the district court leave to act on such a motion (if made) while the case remains on our docket. If Magistrate Judge Denlow concludes that Pogwizd did not settle the case, then he or District Judge Manning should address two additional issues: first, what sanctions are appropriate for Pogwizd's repeated failure to attend a settlement conference, despite being instructed to do so (sanctions could include dismissal for failure to cooperate, and perhaps this is what Magistrate Judge Denlow really meant in saying that the case had been resolved); second, what costs should be awarded to defendant, as the prevailing party, under Fed.R.Civ.P. 54(d)(1) ("costs other than attorneys' fees shall be allowed as of course to the prevailing party"). The latter decision, at least, must be made by the district judge given the lack of consent under § 636(c).

Copies of any motions filed in the district court should be furnished simultaneously to this court. We urge the district court to act promptly on any motion under Rule 60(a), should one be filed. Counsel should furnish copies of any rulings to us as soon as they are rendered.